**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| MARK F. HYSON, TRUSTEE ) <br> OF THE MARION K. POYNTER ) <br> CHARITABLE REMAINDER ) <br> ANNUITY TRUST ) <br> 31 Winchester Street ) <br> Warrenton, Virginia 20186, ) <br> *Plaintiff,* ) <br> ) <br> *v.* ) <br> ) <br> TIMES HOLDING COMPANY ) <br> 490 First Avenue South ) <br> St. Petersburg, Florida 33701 ) <br> ) <br> *and* ) <br> ) <br> TIMES PUBLISHING COMPANY ) <br> 490 First Avenue South ) <br> St. Petersburg, Florida 33701 ) <br> ) <br> *Defendants.* ) | No. _____ |

**COMPLAINT**
*Parties and Jurisdiction*

1.      Plaintiff, Mark F. Hyson ("the Trustee"), is the current Trustee of The Marion K.

Poynter Charitable Remainder Annuity Trust, created and existing under a certain Trust

Agreement dated July 31, 1990 ("the Trust").  The Trustee is a citizen of Fauquier County, in the

Commonwealth of Virginia, and the situs of the Trust is Fauquier County, Virginia.

2.      Defendant Times Holding Company ("THC") is a corporation organized and

existing under the laws of the State of Florida, having its principal place of business in the State

of Florida.  THC is a citizen of the State of Florida.

3.     Defendant Times Publishing Company ("TPC") is a corporation organized and existing under the laws of the State of Florida, having its principal place of business in the State of Florida.  TPC is a citizen of the State of Florida.

4.     The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 (a)(1).

6.     This Court has personal jurisdiction over Defendants because the claims arise out of a transaction of business between Defendants and the Trust in the Commonwealth of Virginia and because Defendants have irrevocably consented to the exercise of personal jurisdiction by this Court in Virginia.

7.     On or about May 2, 2016, THC, as maker, executed and delivered to the Trust that certain Amended and Restated Promissory Note payable to the Trust as holder, in the principal amount of $9,109,380, with interest thereon at the rate of 1.42% per annum ("the Note").  A true copy of the Note is attached as **Exhibit A**.

8.     The Note is guaranteed as to payment by TPC under that certain Amended and Restated Guaranty of Note attached to the Note ("the Guaranty"), also dated May 2, 2016.  A true copy of the Guaranty is attached as **Exhibit B**.

9.     Payments were made to the Trust by periodic payments delivered to the Trustee in accordance with the terms of the Note commencing on or about May 1, 2016, and then on the first day of each month thereafter, to and including April 1, 2018.

10.     On or about May 1, 2018, THC failed to pay the amount then due to the Trust ($75,000), and, as a result, the Note was in default, and TPC's obligation as guarantor was triggered.

11.     On or about July 11, 2018, the Trust delivered to THC and TPC a notice of default and acceleration in accordance with the terms of the Note, identifying the failure of THC to make payments due under the Note on May 1, 2018, June 1, 2018, and July 1, 2018, as the basis for declaring the Note to be in default, and, unless the default be timely cured, for acceleration of the whole sum of principal and accrued interest to be immediately due and payable, together with attorneys' fees and costs incurred.

12.     THC and TPC failed to cure the default identified in the aforesaid notice of default and acceleration within the time for cure set forth in the Note.

13.     As a result of the foregoing default, on or about December 8, 2018, the then-current Trustee of the Trust commenced an action in this Court styled *Barbara J. Marmet, Trustee of The Marion K. Poynter Charitable Remainder Annuity Trust v. Times Holding Company and Times Publishing Company,* Case 1:18-cv-01513-AJT-TCB ("the Prior Lawsuit").  The purpose of the Prior Lawsuit was to assert the Trustee's claim on behalf of the Trust for default under the Note and the Trust's right to a judgment in the principal amount of $7,791,455.88.

14.     On or about December 20, 2018, the Trust, the Defendants, and others entered into that certain Forbearance Agreement dated December 20, 2018 ("the Forbearance Agreement").  A true copy of the Forbearance Agreement is attached as **Exhibit C**.  Pursuant to the terms of the Forbearance Agreement, THC agreed, *inter alia*, to make certain payments to the Trust, and the Trustee filed a notice of voluntary dismissal without prejudice to end the Prior Lawsuit and Trustee agreed to forebear from instituting further litigation so long as the required payments were timely made.

15.     Pursuant to the Forbearance Agreement, THC made the required payments to the Trust during the period January 1, 2019, to and including March 1, 2020, thereby partially

complying with its payment obligations thereunder, and the Trustee accordingly complied with the obligation to forebear from further litigation.

16.     On or about April 1, 2020, THC failed and refused to pay the sum of $60,000 then due to the Trust under the Forbearance Agreement.  In addition, on the first day of each succeeding month, THC also failed to pay the required amount due to the Trust.

17.     Since July 2020, THC has made certain non-compliant partial payments to the Trust; however, to the extent such payments were received, the Trust applied them to the amount due under the Note as of April 1, 2020, and as of succeeding periods.  Those non-compliant payments did not satisfy THC's obligations under the Forbearance Agreement, and the Trust's receipt of those payments did not waive the Trust's right to full and timely payment of all amounts due.

18.     Under the terms of the Forbearance Agreement, the failure by THC to pay the amount due thereunder on April 1, 2020, resulted in THC, as maker, and TPC, as guarantor, being in default thereunder, including under sections 4 and 7, and in default under the terms of the Note and Guaranty.  As a result of those defaults, the whole sum of principal and interest under the Note became immediately due and payable.  As of April 1, 2020, the amount due was $7,099,384.00.

20.     Under section 7 of the Forbearance Agreement, upon default, THC and TPC have no right to receive notice of default nor to cure such default, those rights having been waived, and the whole sum of principal due under the Note, together with accrued interest, has become immediately due and payable.

21.     Under section 7 of the Forbearance Agreement, the default of THC and TPC also rendered all obligations of the Trust under the Forbearance Agreement void and of no effect,

including, without limitation, the agreement by the Trust under section 5 to forbear from enforcing its rights to enforce the terms of the Note and Guaranty and instituting this action.

22.    Pursuant to the terms of the Note, the Guaranty, and the Forbearance Agreement, the amount due as of April 1, 2020, was $7,099,384.00, with interest thereon as set forth in the Note, together with actual expenditures made or costs incurred in any attempt to collect, including reasonable attorneys' fees incurred by the Trust.

WHEREFORE, Plaintiff demands judgment against THC and TPC, jointly and severally, as follows:

(a)    An award of money damages in the sum of $7,099,384.00, together with interest thereon at the rate of 1.42% per annum from April 1, 2018, until paid, with such amount reduced by the partial payments received by the Trust since April 1, 2018;

(b)    An award of money damages to reimburse the Trust for the actual expenditures made or costs incurred in the Trust's attempt to collect the amounts due the Trust under the Note, including its reasonable attorneys' fees and costs;

(c)    For such other and further relief as is just and proper.

Dated: March 19, 2025.

Respectfully submitted,

*CCR*

Craig C. Reilly
VSB # 20942
209 Madison Street, Suite 501
Alexandria, Virginia 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Attorney for Plaintiff*